***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a pretrial agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. That all parties are properly designated before the Industrial Commission and that the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. That all parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. That all parties have been properly designated and there is no question as to misjoinder or nonjoinder of parties.
4. That Employee-Plaintiff alleges to have sustained a compensable injury on November 1, 2000.
5. That an employment relationship existed between Employee-Plaintiff and Employer-Defendant on November 1, 2000.
6. Employee-Plaintiff's average weekly wage is $560.00, yielding a compensation rate of $373.33.
7. As part of the record, the parties offered exhibits which were itemized and designated as Stipulated Exhibit #1.
8. The deposition of Dr. Chason Hayes is a part of the evidentiary record in this case.
 *********** FINDINGS OF FACT
1. On or about November 1, 2000, plaintiff was employed and charged with the responsibility of installing a floor system for defendant-employer. There is no evidence that squatting is not part of plaintiff's regular job duties which may be performed in the usual and customary manner of his employment.
2. Prior to November 1, 2000, plaintiff suffered an injury to his left knee which required an anterior cruciate ligament reconstruction and meniscal repair. This procedure was performed by Dr. Chason Hayes, an orthopedist with Carolina Bone and Joint, in the time period of 1998 or 1999. Subsequently, plaintiff required follow up treatment for a torn meniscus on November 29, 1999. Plaintiff did not require additional follow up treatment with Dr. Hayes for his injured left knee until November 2, 2000.
3. On November 1, 2000, plaintiff presented to the emergency room of Union Regional Medical Center with complaints of left knee pain. According to the medical records from that date, plaintiff indicated that the injury to his left knee occurred after he "squatted" or "knelt down" which resulted in a pop in his left knee area and significantly diminished plaintiff's ability to bear weight on the left leg. Plaintiff was then referred to orthopedic surgeon Dr. Chason Hayes.
4. On November 2, 2000, plaintiff visited Dr. Chason Hayes. At this time, plaintiff also indicated that the injury to his left knee occurred after he "squatted."
5. Contrary to previous accounts of his left knee injury given to healthcare providers wherein plaintiff stated that he "squatted" or "knelt down," plaintiff testified at the deputy commissioner hearing and responded to interrogatories that on the date of the alleged injury while working for defendant-employer, he was walking along the foundation of the house which was surrounded by a trench and the dirt gave way, causing his foot to slip into the ditch and resulting in a twisting/dislocation of his left knee.
6. At the deputy commissioner hearing of this matter, defendant-employer, William Whiteside, offered testimony that at the time the injury occurred, the trench as described by plaintiff did not exist. Defendant-employer explained that the trench referred to by plaintiff was initially necessary in order to construct the foundation and that once the foundation was complete, the trench had been backfilled. The Full Commission finds Mr. Whiteside's testimony and recollection of events surrounding the trench credible.
7. Following the injury to plaintiff's left knee, Dr. Hayes recommended and performed a meniscal resection. After this procedure, medical records indicate and Dr. Hayes' testimony confirms that as of December 28, 2000, plaintiff had achieved a full recovery. As a result, at that time, Dr. Hayes opined that plaintiff could return to full duty capacity work without restrictions. Dr. Hayes further indicated that he was aware of plaintiff's responsibilities as a heavy manual laborer and did not have reservations with respect to plaintiff's ability to perform such tasks.
8. Plaintiff testified that on or about March, 2001, he required follow up treatment with Dr. Hayes and that Dr. Hayes recommended alternative employment as a result of the injury to his left knee. However, plaintiff's testimony is directly contradicted by medical records and the testimony of Dr. Hayes. Dr. Hayes' medical records fail to document any additional treatment of plaintiff after December 28, 2000 other than an evaluation for permanent partial disability. Moreover, Dr. Hayes did not have an independent recollection of plaintiff's subsequent evaluation and treatment.
9. Overall, plaintiff's testimony, is not accepted as credible in light of his own conflicting accounts of his injury and the more credible testimony of defendant-employer Mr. Whiteside, Dr. Hayes, and stipulated medical records. Plaintiff has not provided persuasive and credible evidence to establish that an injury by accident occurred as a result of slipping and falling into a trench, causing a twisting of his left knee.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has failed to provide credible evidence to establish a compensable injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is not compensable and therefore, said claim is DENIED.
2. Each side shall bear its own costs.
This the ___ day of February 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER